**UNITED STATES OF AMERICA, Plaintiff—Appellee,**

v.

**Wendell Maurice BRASWELL, Defendant—Appellant.**

**No. 03–50402.**

**D.C. No. CR–01–03323–MJL.**

United States Court of Appeals, Ninth Circuit.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Oct. 8, 2004.*

Decided Oct. 12, 2004.

US Attorney, USSD—Office of The U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Law Offices of Richard D. Rome, Van Nuys, CA, for Defendant–Appellant.

Before WALLACE, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM**

Wendell Braswell appeals the district court's denial of his motion alleging a violation of his Speedy Trial rights under 18 U.S.C. § 3161(b). He also asserts that he was vindictively prosecuted. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

■ Braswell does not contend that federal charges were ever filed against him following his September 25, 1999 arrest for attempting to import marijuana into the United States. Instead, Braswell was immediately turned over to state authorities, who rejected prosecution. In *United States v. Benitez*, 34 F.3d 1489 (9th Cir. 1994), we held that "[a]n individual who is not officially charged with a federal offense ... has not been arrested for the purposes of 18 U.S.C. § 3161(b)." *Id.* at 1493. *See also United States v. Johnson*, 953 F.2d 1167, 1172 (9th Cir.) (F.B.I. investigation followed by state arrest does not trigger Speedy Trial Act). Similarly here, Braswell was arrested by federal officials, but immediately turned over to state authorities. Therefore, Braswell's claim fails.

■ Braswell's vindictive prosecution claim is based solely upon a one-sentence statement within his Speedy Trial motion, claiming that "the only reason that charges were brought against Mr. Braswell from 1999 was his decision to exercise his right to go to trial." However, Braswell also represented in his Speedy Trial motion

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that "the court need not inquire whether the delay in Mr. Braswell's case resulted from mere inadvertence or bad faith on the part of the government." Even Braswell admits in his opening brief that he did not specifically raise the issue below. Thus, Braswell did not ask the district court to consider a claim of vindictive prosecution. "We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim...." *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994). Because no vindictive prosecution claim was ever raised before the district court, Braswell has waived this claim.

**AFFIRMED.**